# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TARRELL SIMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 2:16-CV-382 PRC |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on a a Habeas Corpus Petition [DE 1], filed by Petitioner Tarrell Sims, a pro se prisoner, on August 29, 2016. In the Petition, Sims challenges the constitutionality of the prison disciplinary hearing (MCF 16-05-59) where a Disciplinary Hearing Officer (DHO) found him guilty of possession of a cell phone in violation of Indiana Department of Correction (IDOC) policy A-121. (Pet. at 1, ECF No. 1). As a result, he was sanctioned with the loss of 180 days earned credit time and was demoted from Credit Class 2 to Credit Class 3.

Sims has identified one ground on which he is entitled to habeas corpus relief. He claims that the DHO did not properly review the video evidence he requested. *Id.* at 2. He does not expand on his claim other than to say, "see attached." *Id.* However, he did explain his argument in the administrative appeal he filed with the facility. In his appeal, he claimed that the DHO did not personally review the video evidence. (Return Ex. D1, at 4, ECF No. 8-8). Rather, the screening officer reviewed the video and prepared a summary report for the DHO.

During the screening process, Sims invoked his right to present evidence in his defense and requested that the DHO review surveillance footage from the time of the incident. (Return Ex. B, ECF No. 8-2). Sims claimed that the video footage would demonstrate that the reporting officer

never entered his cell—presumably demonstrating that the reporting officer did not see what she claimed she saw. Sims had a right to request that the DHO review this evidence. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Here, there is no assertion that his request was denied based on safety or correctional goals.

Respondent contends that Sims's due process right was satisfied when the screening officer reviewed the video. Respondent also points out that the DHO noted on her report that she had reviewed the "DVR footage." The DHO's statement is not as clear as respondent suggests. The pre-printed form states, "The evidence and/or witness statements that you requested at your screening or were otherwise requested by staff was/were considered. The following evidence was relied on to reach the decision in this hearing." (Return Ex. C, ECF No. 8-4). The DHO check-marked the box for staff reports, and the box for physical evidence, writing in "DVR footage." Directly below this comment is the place where the DHO provided the reason for the decision. Yet, this section states only that "DHO finds guilty from staff reports." There is no mention of the video footage. It does not appear that the DHO personally reviewed the video footage, but rather relied on the screening officer's summary review of the evidence in determining that Sims was guilty. This violated Sims's right to present evidence in his defense. *See Johnson v. Brown*, 681 F. App'x 494, 496 (7th Cir. 2017) (granting habeas corpus where inmate was arbitrarily denied right to review surveillance footage and DHO did not personally review footage); *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016) ("a hearing officer cannot refuse to consider an inmate's evidence simply because other evidence supports a finding of guilt"). Sims had a due process right to request that the

DHO review relevant and exculpatory evidence. The DHO failed to do so. Therefore, Sims is entitled to habeas corpus relief on the basis that the DHO arbitrarily denied his request for evidence.

For these reasons, the Court hereby **GRANTS** the relief requested in the Habeas Corpus Petition [DE 1] and **ORDERS** Respondent to **FILE** documentation on or before **October 4, 2017**, showing that the guilty finding in MCF 16-05-59 has been vacated and that any loss in earned credit time or demotion in credit class imposed as a result of this guilty finding was restored.

SO ORDERED this 12th day of September, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT
